No. 46,458

Betty L. Blair, *Appellant and Cross-Appellee,* v. John W. Blair, *Appellee and Cross-Appellant.*

(499 P. 2d 546)

 Opinion filed July 19, 1972. 

*Daniel D. Metz,* of Metz and Metz, of Lincoln, argued the cause and *Theodore M. Metz,* of the same firm, was with him on the brief for the appellant and cross-appellee.

*Don W. Noah,* of Noah and Noah, of Beloit, argued the cause, and was on the brief for the appellee and cross-appellant.

*Per Curiam:* Appellee as cross-appellant would have the appeal dismissed for failure of the appellant to file her designation of record on appeal within the time required by Rule 6 (*a*) and 6 (*b*) of this court, and for failure to supply a complete transcript. The record does not show any material departures from the requirement of the rule. Furthermore, it appears that the additional transcript demanded by the appellee was not necessary for appellate review in view of the disposition which we are making of this appeal.

The motion to dismiss the appeal is denied.

On the merits the question before the court is that of the trial court's authority to modify an alimony judgment by relieving the appellee of the obligation to pay past due installments as to which he was in default. The full amount of the award of $3,600, payable in monthly installments of $300, had all become due and $1,275 remained unpaid and delinquent before the court made its order of modification.

The judgment was modified on the strength of K. S. A. 60-260 (*b*) (6) giving the court, after enumerating a number of specific statutory grounds, authority to relieve a party of a final judgment for "any other reason justifying relief from the operation of the judgment." The justifying reason given by the court was that the appellant had remarried.

It was conceded that the judgment could not have been modified under the authority of K. S. A. 1971 Supp. 60-1610 (*c*) as all of the installments were past due. That section expressly provides that "the court may modify the amounts or other conditions for the

payment of any portion of the alimony originally awarded *that have not already become due*." (Emphasis supplied.)

We hold that in view of the limited authority of the court under K. S. A. 1971 Supp. 60-1610 (*c*) as to alimony judgments the court was without authority to set aside past due installments under the authority of K. S. A. 60-260 (*b*) (6). This is because the remarriage of the beneficiary of an alimony judgment could hardly be a "reason justifying relief" from matured alimony payments if such relief could not be granted for that or any other reason under the statute referring specifically to alimony judgments. In other words the specific provisions in K. S. A. 1971 Supp. 60-1610 (*c*) is a limitation on the general authority under K. S. A. 60-260 (*b*) (6).

It is clear that K. S. A. 1971 Supp. 60-1610 (*c*) contains no implied reference to subsequent marriage as an event which would prevent alimony installments from maturing and becoming due after the remarriage. That section has no relationship to remarriage of the alimony recipient except that remarriage may be one of any number of reasons for relief from alimony payments that have not already become due under the terms of the judgment. *Beck v. Beck*, 208 Kan. 148, 490 P. 2d 628, and *Herzmark v. Herzmark*, 199 Kan. 48, 427 P. 2d 465, are not pertinent to the question here involved.

Since we are reversing the trial court for its lack of authority to modify the judgment in the manner indicated, factual matters relating to the equities of the order are immaterial.

Appellant claims that the trial court did not allow her an attorney's fee for representation in the court below. This was a matter of court discretion and we do not find that discretion was abused.

The trial court order modifying the judgment for past due alimony is reversed.