No. 47,601

John W. Blair, *Appellant,* v. Betty Willis Blair Duncan, *Appellee.*

(533 P. 2d 1224)

Opinion filed April 5, 1975.

*Don W. Noah,* of Beloit, argued the cause, and *Jerry L. Harrison,* of Beloit, was with him on the brief for the appellant.

*Sheldon E. Morton,* of Metz and Metz, of Lincoln, argued the cause, and was on the brief for the appellee.

*Per Curiam:* This is the second appeal in litigation between the parties. The facts are not in dispute. In the first case, as a part of the decree divorcing the parties, the appellee in this case was given a judgment against appellant for permanent alimony in the sum of $3,600, payable at the rate of $300 monthly, beginning on December 1, 1969. Pursuant to the decree the appellant made payments of $2,325, the last payment being on October 30, 1970. On June 26, 1970, the appellee herein, was married to Maxwell M. Duncan. The appellant first learned of the marriage on November 4, 1970.

On November 12, 1970, twelve days after the last alimony payment became due, the appellant was in arrears in the sum of $1,275 and filed a motion to vacate the alimony judgment on the grounds that it was no longer equitable that the judgment should have prospective application, because of fraud, and other misconduct of the appellee and all other grounds specified in K. S. A. 60-260 (*b*), and for the reason his financial condition has been altered for the worse since the entry of the judgment.

The trial court's judgment sustaining appellant's motion to vacate the judgment for the reason that the appellee had remarried was reversed by this court in *Blair v. Blair,* 210 Kan. 156, 499 P. 2d 546.

On November 1, 1972, the appellant commenced this action against his former wife alleging fraud and unjust enrichment and seeking a money judgment in the amount of $1,500. If the appellant obtains a judgment in this case, he plans to use it as a setoff to the alimony judgment. The trial court sustained appellee's motion for summary judgment on the grounds that appellant's alleged causes

of action are barred by the doctrine of *res judicata* by reason of this court's decision in *Blair*, supra.

The points on appeal are:

1. The trial court erred in holding that the determination and decision in *Blair*, supra, is *res judicata* as to plaintiff's present action.

2. The trial court erred in sustaining the motion for summary judgment on any other grounds.

We hold that the decision in *Blair*, supra, precludes the plaintiff from maintaining this action under the rule of *res judicata*. (*Jayhawk Equipment Co. v. Mentzer*, 191 Kan. 57, 379 P. 2d 342; and *Gray v. Johnson*, 150 Kan. 276, 92 P. 2d 46.) Having so resolved point No. 1, it is unnecessary to consider point No. 2.

The judgment of the lower court is affirmed.

FROMME, J., not participating.