(599 P.2d 320)

No. 50,199

STANLEY RICHARDSON, *Appellant,* v. MARSHA D. RICHARDSON, *Appellee.*

Petition for review denied November 7, 1979.

Opinion filed September 7, 1979.

*R. L. Leslie* of Hess, Leslie, Berkley & Granger, of Hutchinson, for the appellant.

*Melvin L. Howell* of Oswalt & Howell, of Hutchinson, for the appellee.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: This is an appeal from an order modifying a decree of divorce which incorporated a property settlement agreement. The sole issue is whether the trial court abused its discretion in issuing the order.

The parties were divorced on January 12, 1978. Prior to the entry of the final decree, the parties entered into a property settlement agreement whereby defendant-wife was to receive certain items of personal property, and plaintiff-husband was to receive "[a]ll property now owned by the parties not mentioned above as being specifically assigned to the Wife by this agreement." The trial court approved the agreement and incorporated it into the decree.

Some four months thereafter, plaintiff instituted a partition action in Cowley County claiming an interest in certain land by virtue of the settlement agreement. Defendant then sought an

order *nunc pro tunc* in the original divorce proceeding to have such land set aside to her, claiming mistake and inadvertence.

At the hearing on defendant's motion, it appeared that prior to marriage defendant inherited an undivided one-sixth interest in 120 acres of land in Cowley County. Defendant testified she did not intend to convey this interest to plaintiff; that she believed this interest need not have been included in the agreement because it was acquired prior to the marriage as her separate property; and that the property was neither mentioned nor discussed during negotiations on the settlement agreement.

Testimony indicated the agreement was drafted in accordance with defendant's wishes and that she received all she requested during negotiations. During the negotiation period, defendant was fully aware of her interest in the Cowley County land.

Plaintiff likewise testified the land in question was not mentioned during settlement negotiations. He also testified he expected to acquire the interest through the agreement and that he had in fact so satisfied his belief by appropriate questions to his attorney prior to signing the agreement.

The trial court granted the order finding that the land was not mentioned during settlement negotiations. This finding is supported by substantial evidence and is therefore conclusive on appeal. *McGilbray v. Scholfield Winnebago, Inc.,* 221 Kan. 605, 561 P.2d 832 (1977).

An order *nunc pro tunc* is generally appropriate only in situations in which there is a need to correct clerical errors in the entry of judgment. K.S.A. 60-260(*a*); *Wallace v. Wallace,* 214 Kan. 344, 520 P.2d 1221 (1974). But, although defendant's motion herein is styled as one seeking a *nunc pro tunc* order, it clearly is one seeking relief under K.S.A. 60-260(*b*)(1) or (6). We do not feel constrained under these circumstances to permit form to prevail over substance.

A request for relief pursuant to K.S.A. 60-260(*b*) is addressed to the sound discretion of the trial court and appellate review is thus limited to determining whether the court abused its discretion. *Giles v. Russell,* 222 Kan. 629, 567 P.2d 845 (1977); *Neagle v. Brooks,* 203 Kan. 323, 454 P.2d 544 (1969). Generally, judicial discretion is abused when the action taken is arbitrary, fanciful or unreasonable, or when no reasonable man would take the view adopted by the trial court. *Stayton v. Stayton,* 211 Kan. 560, 506 P.2d 1172 (1973).

In this case, there was ample evidence to justify the factual findings of the trial court and for relief under K.S.A. 60-260(*b*)(1) or (6). The land in question was not mentioned during the settlement negotiations. Nor was it specifically referred to in the agreement or brought to the attention of the trial court prior to the entry of judgment. We do not find an abuse of discretion.

We are mindful of the well-settled rule that a property settlement agreement, once accepted by the court and incorporated into the divorce decree, may not thereafter generally be modified by the court. See K.S.A. 60-1610(*e*); *Wallace v. Wallace*, 214 Kan. 344; *Drummond v. Drummond*, 209 Kan. 86, 495 P.2d 994 (1972); *Flannery v. Flannery*, 203 Kan. 239, 452 P.2d 846 (1969). However, we do not consider these authorities controlling here. A court is not deprived of its authority to grant relief from a final judgment under K.S.A. 60-260(*b*) merely because the judgment is a divorce decree incorporating a property settlement agreement.

Affirmed.