(626 P.2d 1240)

No. 52,380

CHOWNING, INC., *Plaintiff-Appellee,* v. O. J. DUPREE d/b/a DUPREE HEATING & AIR CONDITIONING, *Defendant-Appellant.*

Opinion filed April 24, 1981.

*T. Richard Liebert,* of Liebert & Liebert, of Coffeyville, for appellant.

*Jack L. Lively,* of Hall, Levy, Lively, Viets & DeVore, of Coffeyville, for appellee.

Before FOTH, C.J., presiding, TERRY L. BULLOCK, District Judge, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

FOTH, C.J.: Defendant appeals from an order setting aside a judgment which had dismissed the case for lack of prosecution. Although the order appealed from is interlocutory in nature, we conclude it is appealable under the "jurisdictional exception" of *Brown v. Fitzpatrick,* 224 Kan. 636, 585 P.2d 987 (1978).

Although not given a statutory label by the trial court, the factual basis on which relief was granted is undisputed. On February 8, 1979, the clerk sent counsel a "Notice of Dismissal," advising the parties that unless good cause could be shown the case would be dismissed for lack of prosecution on March 1, 1979. Plaintiff's counsel responded by letter on February 13, 1979, with copy to opposing counsel, setting forth the reason for the delay in proceeding. That reason was a court reporter's delay in transcribing a partial deposition, which was needed before

agreed upon discovery could be completed. This letter was apparently never brought to the attention of the trial court, and the order of dismissal was routinely entered on March 1, 1979, as if both parties had acquiesced. Most significantly, no notice of the dismissal was sent to the parties by the clerk or trial judge.

In June 1979, plaintiff's counsel wrote the court reporter about the status of the deposition transcript, with a copy to defense counsel. Defense counsel, if he knew, took no steps to advise plaintiff's counsel that the case had been dismissed. The missing deposition was finally completed and filed the following October, 1979. In April, 1980, plaintiff's counsel asked that the case be set for pretrial conference; on April 30, 1980, defendant's counsel advised that the case had been dismissed over a year before. This was confirmed by the clerk the next day. When defendant's counsel refused to stipulate to reinstatement plaintiff filed its first motion for relief on May 19, 1980, less than three weeks after first learning of the dismissal. When defendant's counsel objected to the lack of notice to defendant personally, the motion was refiled on June 2, 1980. It was sustained July 2, 1980. Defendant appeals.

K.S.A. 60-260(*b*) enumerates six grounds for relieving a party from a final judgment. The first is "mistake, inadvertence, surprise, or excusable neglect." The sixth is "any other reason justifying relief from the operation of the judgment." *Any* motion for relief under the section must be made "within a reasonable time"; if under one of the first three grounds, the motion must be filed within one year.

Under Fed. R. Civ. P. 60(b), which is identical to K.S.A. 60-260(*b*), it is generally held that the first five grounds, which are specific, and the sixth, which is a general catch-all, are mutually exclusive. *Klapprott v. United States,* 335 U.S. 601, 93 L.Ed. 266, 69 S.Ct. 384 (1949); *Corex Corp. v. United States,* 638 F.2d 119, 121 (9th Cir. 1981); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2864 (1973). The issue before us is, then, whether the order granting relief from the judgment of dismissal was based exclusively on a "mistake" under K.S.A. 60-260(*b*)(1), or whether it was based on "any other reason justifying relief from the operation of the judgment," under 60-260(*b*)(6). If the former, the motion for relief was too late since it came more than one year after the dismissal. If the latter, the motion was timely as being filed "within a reasonable time."

Plaintiff's situation actually fell into both categories. The failure of the clerk to apprise the trial judge of plaintiff's response to the dismissal notice, and the judge's entry of the dismissal order on the mistaken assumption there had been no response, might both qualify as "mistakes" under 60-260(*b*)(1). On timely motion, relief could have been granted on this ground, even though the "mistake" was not that of plaintiff. 11 Wright & Miller at § 2858; 7 Moore, Federal Practice § 60.22 (1979). On the other hand, had plaintiff and its counsel been aware of the dismissal and not sought relief within one year the court would have been powerless to grant it. *Cf. Brown v. Fitzpatrick,* 224 Kan. at 640; *Ackermann v. United States,* 340 U.S. 193, 200, 95 L.Ed. 207, 71 S.Ct. 209 (1950); *U. S. Ex Rel. Bonner v. Warden, Stateville Corr.,* 78 F.R.D. 344 (N.D. Ill. 1978), and cases cited at 346.

Here, however, there is the additional factor that neither plaintiff nor its counsel knew of the dismissal until more than a year had expired. Failure to learn of the entry of judgment as a ground for relief is generally regarded as falling under ground (6) of the federal rule, corresponding to our K.S.A. 60-260(*b*)(6). *Buckeye Cellulose Corp. v. Braggs Elec. Const. Co.,* 569 F.2d 1036 (8th Cir. 1978); *Expeditions Unlim. Aquatic Ent., Inc. v. Smithsonian Inst.,* 500 F.2d 808 (D.C. Cir. 1974); *Cavalliotis v. Salomon,* 357 F.2d 157 (2d Cir. 1966); *L. P. Steuart, Inc., v. Matthews,* 329 F.2d 234 (D.C. Cir. 1964), *cert. denied* 379 U.S. 824.

In *Cavalliotis,* the court referred to its earlier case, *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, (2d Cir. 1963), saying at 159:

"*Radack* makes clear that 'lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3),' so that if notice of the dismissal was not received by the party seeking to vacate, 'the judge has the power, in the exercise of a sound discretion, to grant relief under Rule 60(b)(6).' 318 F.2d at 542-543."

Failure to receive notice of a judgment does not, of course, automatically entitle a party to relief. *Radack v. Norwegian American Line Agency, Inc.,* 318 F.2d at 542; *Mizell v. Attorney General of State of N.Y.,* 586 F.2d 942, 944-45, n. 2 (2d Cir. 1978) *cert. denied* 440 U.S. 967. What it does do is give the court jurisdiction under 60-260(*b*)(6) to vacate the judgment if in the sound discretion of the trial court such relief is appropriate. As

was said in *Neagle v. Brooks,* 203 Kan. 323, Syl. ¶ 5, 454 P.2d 544 (1969):

> "The broad language of K.S.A. 60-260(*b*)(6) authorizing relief for 'any other reason justifying relief from the operation of the judgment' gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. This power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests."

In this case there is no contention that plaintiff's reliance on its letter response to the clerk's notice was not justified, or that plaintiff failed in any way to take reasonable steps to protect its interests. Neither is there a contention that the trial court abused its discretion. The sole argument made by defendant on appeal is that the court lacked jurisdiction to grant relief because of the statute's one-year time limit. As has been pointed out, that limit only applies to the first three grounds of the statute. The facts here fit into the sixth ground, the trial court had jurisdiction to grant relief in its discretion, and there was no abuse of that discretion.

Affirmed.