No. 54,369

MID KANSAS FEDERAL SAVINGS AND LOAN ASSOCIATION OF WICHITA, KANSAS, *Plaintiff*, and CALDWELL AND ASSOCIATES, INC., *Appellant*, v. JAMES R. BURKE and CAROLE J. BURKE, *Appellees*.

(666 P.2d 203)

Opinion filed July 15, 1983.

. *Patrick L. Dougherty*, of Wichita, argued the cause and *John Callahan* and *Harry W. Saums*, of Wichita, were with him on the brief for appellant.

*Phillip Mellor*, of Wichita, argued the cause, and *Arden P. Miller*, *Mark Mellor* and *James R. Schaefer*, of Wichita, were with him on the brief for appellees.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by Caldwell and Associates, Inc., the successful purchaser at a sheriff's sale, from the order of the Sedgwick District Court sustaining defendant Carole J. Burke's motion to set aside the sale. The Court of Appeals reversed. *Mid Kansas Fed'l Savings & Loan Ass'n v. Burke*, 8 Kan. App. 2d 443, 660 P.2d 569 (1983). We granted review.

The facts are fully set forth in the Court of Appeals opinion, and we will but summarize them here. James and Carole Burke, husband and wife, purchased a residence in Wichita in 1980, and assumed a $22,000 note, secured by a mortgage on the premises, held by Mid Kansas Federal Savings & Loan Association. The note became delinquent and Mid Kansas commenced foreclosure proceedings by filing this action. James Burke was served personally and Carole was served by leaving a copy of the

summons and petition with James, at the parties' residence. The Burkes defaulted, judgment was entered for Mid Kansas, and foreclosure ordered. A sheriff's sale was held and Caldwell and Associates, Inc., was the successful bidder. The sale was confirmed and redemption fixed at six months. After the redemption period expired, a writ of assistance was issued and served upon Carole Burke. Within a few days she filed a motion to vacate the sale pursuant to K.S.A. 60-255(b) and 60-260(b), claiming that no personal service of summons was had upon her, that she was never notified of the foreclosure proceedings, and that her failure to plead was due to excusable neglect. She indicated that she was prepared to advance the sum paid by the purchaser, together with accrued interest, costs and expenses, and she has since paid that amount, some $26,000, in to the court. The property is valued at $74,000. The trial court held that no service of process had been had upon Carole Burke because her husband, apparently an alcoholic, was not a "person of suitable . . . discretion" as required by K.S.A. 1982 Supp. 60-304(a). The trial court proceeded to set aside the judgment and dismiss the action.

Three issues were considered on appeal. The Court of Appeals held that Carole Burke's motion to vacate, filed some seven months after the entry of judgment, was timely made, and that the trial court had jurisdiction to consider the motion. The Court of Appeals also held that the lower court's conclusion that James Burke was not a person of suitable discretion for the purpose of residential service of process pursuant to K.S.A. 1982 Supp. 60-304(a) was not supported by substantial, competent evidence, and therefore service upon Carole Burke was valid. With those portions of the Court of Appeals opinion, we agree.

We differ, however, with the final determination of the Court of Appeals, wherein it held that Carole Burke's conduct "could only be characterized as inexcusable neglect," therefore preempting any motion to vacate the default judgment framed under K.S.A. 60-260(b). That statute reads in applicable part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

Chief Judge Foth disagreed with the majority's conclusion that Carole Burke's conduct was inexcusable, and wrote a dissenting opinion in which he said:

"In dealing with the 60-260(*b*) aspects of her motion the majority finds she is precluded from relief because of her 'inexcusable neglect.' This conclusion is apparently based only on her willingness to entrust the family's financial affairs to a husband who is known to have a drinking problem. There are in my opinion two things wrong with this analysis:

"First, I am not prepared to say Mrs. Burke's acquiescence in a long-standing allocation of family responsibilities was 'inexcusable.' There is nothing to indicate Mr. Burke had ever failed to carry out his part of the arrangement before. Certainly there is no evidence Mrs. Burke *knew* of any delinquency before the day the two messengers arrived, one to shut off the lights and the other to put her out in the street.

"Second, and more important, I read the cases treating with excusable versus inexcusable neglect as referring to neglect *of the lawsuit* in question. See *Jenkins v. Arnold*, 223 Kan. 298, 573 P.2d 1013 (1978), and cases cited therein. Mrs. Burke cannot be accused of neglecting this lawsuit; the evidence is undisputed that the first she heard of it was when the deputy arrived with the writ of assistance. She immediately sought counsel and promptly filed her motion for relief.

"It has often been stated that a motion under 60-260(*b*) is addressed to the sound discretion of the trial judge, who should have 'due regard for what is just and fair under existing circumstances.' *Jenkins*, 223 Kan. at 299, and cases cited. In this case Mrs. Burke did not seek relief from the foreclosure, but only from the sale to the appellant (of which she had been equally unaware). She tendered, and the court ordered, repayment of the purchase price in full, interest at the market rate, and reimbursement of all expenses. Under the court's order the purchaser would lose only the chance to make a speculative profit, while Mrs. Burke would be able to retain her home for herself and her children, and would avoid forfeiting her substantial equity in it.

"It seems apparent to me the trial court in this case was swayed by the equities of the case, which were all one way, and seized upon the alleged process deficiency as a method of achieving a result which was 'just and fair under existing circumstances.' Although I can't agree with the procedural channel utilized, I believe the court arrived at the correct destination. I certainly can find no abuse of discretion and would therefore affirm." 8 Kan. App. 2d at 449-50.

*Jenkins v. Arnold*, 223 Kan. 298, 573 P.2d 1013 (1978), cited by Chief Judge Foth, provides a comprehensive analysis of the principles applicable when considering a motion to set aside a default judgment or otherwise relieve a party from an order or other proceeding pursuant to K.S.A. 60-260(*b*). Some of the applicable principles there set forth are:

"(1) The granting of relief from a default judgment under K.S.A. 60-260(*b*) rests in the sound discretion of the district court. [Citations omitted.]

"(2) The exercise of judicial discretion requires that a judge have due regard for what is just and fair under existing circumstances and that he not act in an arbitrary, fanciful, or unreasonable manner. [Citations omitted.]

"(3) While there is a need to achieve finality in litigation, judicial discretion must not achieve that end in disregard of 'what is right and equitable under the circumstances.' [Citation omitted.]

. . . .

"(7) 'Inexcusable neglect' is closely akin to 'reckless indifference.' It implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind. [Citation omitted.]

"(8) 'Excusable neglect' as used in K.S.A. 60-260(b) is not susceptible to clear definition. What constitutes excusable neglect under the statute must be determined on a case by case basis under the facts presented. [Citations omitted.]

"(9) A motion to set aside a default judgment may be granted whenever the court finds:

    (a) That the nondefaulting party will not be prejudiced by the reopening;

    (b) That the defaulting party has a meritorious defense; and

    (c) That the default was not the result of inexcusable neglect or a willful act. [Citation omitted.]" 223 Kan. at 299-300.

Mr. Burke was allegedly an alcoholic; Mrs. Burke entrusted him with taking care of the family's financial affairs, and without her knowledge he failed to make payments on the indebtedness to Mid Kansas. The evidence is undisputed that she had no knowledge of that default, or of the pendency of this action, until the writ of assistance was served upon her. She then moved swiftly, secured counsel, and filed her motion to set aside. Her conduct in entrusting her husband with family financial affairs, absent any indication that she should have known that he was not making payments when due, cannot be characterized as reckless or inexcusable. Likewise her failure to appear and answer a civil action which she did not know was pending against her cannot be so characterized.

"Surprise," as that term is used in K.S.A. 60-260(b), is defined to be some condition or situation in which a party to an action is unexpectedly placed to his injury, without any default or negligence of his own, and which ordinary prudence could not have guarded against. See *Baratti v. Baratti*, 109 Cal. App. 2d 917, 921, 242 P.2d 22 (1952); *Hodge Sheet Metal Products v. Palm Springs Riviera Hotel*, 189 Cal. App. 2d 653, 11 Cal. Rptr. 435 (1961); and *Graves v. Nationwide Mutual Insurance Company*, 151 A.2d 258, 261 (D.C. 1959). Language similar to our statute, K.S.A. 60-260(b), including the words "mistake, inadvertence, surprise or excusable neglect" were contained in Section 274 of

the North Carolina Code prior to the turn of the century. The Supreme Court of that state, discussing that language in the case of *Marsh v. Griffin*, 123 N.C. 660, 667, 31 S.E. 840 (1898), observed:

"In the cases construing this section, the words 'mistake, inadvertence' and 'surprise' seem to have been ignored with singular unanimity. The phrase 'excusable neglect' is apparently taken as embodying the meaning of the section."

These words continue to be ignored judicially and the vast majority of the reported decisions under Section 60(b) Fed. R. Civ. Proc., our Section 60-260(*b*), and similar code provisions of other states, center for the most part around the term "excusable neglect" and seldom discuss "surprise." It seems to us, however, that Mrs. Burke fits in that category. She had no actual knowledge of the proceeding, was surprised to learn of it, and acted promptly upon discovery of the lawsuit, the judgment, and the sale. We hold that the judgment and other .proceedings were subject to being set aside on the grounds of surprise. Her failure to respond to the summons was understandable and excusable since she had no actual knowledge of the pendency of the action. The judgment could also be set aside on the grounds of excusable neglect.

K.S.A. 60-260(*b*) is to be liberally construed "in order that judgments will reflect the true merits of a case." *Wirt v. Esrey*, 233 Kan. 300, 311, 662 P.2d 1238 (1983).

The trial court properly protected those who relied upon the judgment. Mid Kansas secured the amount due on its note, and the purchaser at the sale, Caldwell, was reimbursed in full, including its expenses and 15% accrued interest. We conclude that the trial court's grant of relief to Carole Burke, though granted for an erroneous reason, was proper, and that the judgment of the trial court should be affirmed.

The judgment of the Court of Appeals reversing the trial court is reversed, and the judgment of the District Court of Sedgwick County is affirmed.

HOLMES, J., not participating.