(697 P.2d 80)
No. 56,760

IN THE MATTER OF THE MARRIAGE OF HUNT.

Opinion filed March 29, 1985.

*Matthew B. Works*, of Works & Works, of Topeka, for the appellant, Cecil L. Hunt.

*Paul C. Nelson*, of Glenn, Cornish, Hanson and Karns, Chtd., of Topeka, for the appellee, Josephine T. Hunt.

Before FOTH, C.J., SWINEHART and BRISCOE, JJ.

*Per Curiam*: In this matrimonial action the trial court sustained the wife's motion for relief from judgment, filed under K.S.A. 60-260(b), set aside its original maintenance order to the wife of $200.00 per month, and replaced it with an order of $400.00 per month for three years, subject to review and possible continuation. The husband appeals, claiming primarily that the court had no authority to enter the order, or alternatively abused its discretion in doing so.

The procedural history and the trial court's rationale are set forth in a comprehensive opinion which we adopt. In addition to the facts set out by the trial court we note that the parties had been married 30 years when the proceedings were instituted, that the husband was 53 years old, and that the wife was 65 and unemployed. The trial court said:

## "MEMORANDUM DECISION AND ORDER

"This case comes before the Court on Petitioner's Motion for Relief from Judgment pursuant to K.S.A. 60-260(b). The matter was heard by the Court and taken under advisement. Each party has submitted Memoranda discussing their respective positions. After due consideration the case comes now for decision.

## "FINDINGS OF FACT

"1. The parties herein separated in December of 1981 and divorce proceedings were instituted shortly thereafter.

"2. At the time of separation the Respondent, Cecil L. Hunt (hereafter Mr. Hunt), was employed by the National Guard at an approximate annual salary of $33,000.00. The Petitioner, Josephine T. Hunt (hereafter Mrs. Hunt), was unemployed.

"3. Mr. Hunt resigned his position with the National Guard on January 22, 1982. Testimony indicates the resignation resulted from Mrs. Hunt's harassment and repetitive telephone calls to Mr. Hunt at work. Mr. Hunt's supervisors pressured him about the situation and he resigned.

"4. Subsequent to Mr. Hunt's resignation, he moved to Tulsa, Oklahoma. While in Tulsa, Mr. Hunt cohabited with his current wife Jean Lee (now Jean Hunt).

"5. This matter was ultimately tried to the Court on November 17, 1982 and taken under advisement. The Court's decision was rendered by Letter Decision on January 19, 1983. Thereafter Motions to Alter or Amend the Judgment and/or a Motion for Reconsideration were heard on March 31, 1983. Eventually a Journal Entry reflecting the Court's decisions to date was prepared, circulated and filed and the divorce became effective April 11, 1983.

"6. Subsequent to the divorce decree the Motions which are the subject of the instant controversy were filed. Mrs. Hunt has moved the Court to Alter or Amend the Judgment pursuant to K.S.A. 60-260(b) or to Increase Maintenance Payment pursuant to K.S.A. 60-1610(b)(2). These Motions were filed as a result of Mr. Hunt's reemployment with the National Guard in Topeka.

"7. Mr. Hunt testified at the November 17, 1982 hearing that his income was limited to occasional odd jobs and retirement pay from the Air Force of approximately $800.00 per month. Based on this fact and other considerations, the Court awarded Mrs. Hunt $200.00 per month maintenance.

"8. Mr. Hunt, however, resumed his job at the National Guard on January 10, 1983. He again makes in excess of $33,000.00 per year.

"9. The fact that Mr. Hunt had regained his job with the National Guard was not brought to the attention of the Court at

any time before the Letter Decision of January 19, 1983. Likewise, these facts were not brought out during the March 31, 1983 hearing to Amend the Judgment. However, no questions were asked which would have required this information to be divulged.

## "DISCUSSION AND DETERMINATION OF ISSUES

"Initially, Mrs. Hunt asserted she was entitled to increased maintenance payments pursuant to K.S.A. 60-1610(b). Subsequently, her theory changed to requesting an Order granting relief from the divorce decree pursuant to K.S.A. 60-260(b). The latter provision states in pertinent part:

'On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subsection (b) does not affect the finality of a judgment or suspend its operation.'

Mrs. Hunt argues that a divorce decree may be set aside and the issues redetermined in accord with this statute.

"Alternatively, Mr. Hunt argues that the only proper means of modifying an alimony award is via K.S.A. 60-1610(b)(2). That provision states in pertinent part:

'Maintenance may be in a lump sum, in periodic payments, on a percentage of earnings or on any other basis. At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded

that has not already become due, but no modification shall be made without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree.'

Mr. Hunt argues that the specific domestic relations statute should have control over the more general civil procedure statute K.S.A. 60-260(b). Accordingly, Mr. Hunt concludes that maintenance payments may never be accelerated without consent.

"As a beginning point, this Court believes these two provisions serve separate functions and they are not merely specific and general statutes of the same character as Mr. Hunt asserts. K.S.A. 60-260(b) operates, where applicable, to relieve a party from a judgment. 'The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.' [11 Wright & Miller, Federal Practice and Procedure: Civil § 2851, p. 140 (1973).] On the other hand, K.S.A. 60-1610(b)(2) merely serves as a limitation upon modification of a maintenance award. This Court does not consider the distinction between 'modification' and 'relief' merely one of semantics. The Kansas Court of Appeals has specifically stated '[a] motion to terminate alimony under [K.S.A.] 60-1610 is distinct from a motion to set aside a judgment under K.S.A. 60-260 and the two are not interchangeable.' [*Martin v. Martin*, 5 Kan. App. 2d 670, 677, 623 P.2d 527, *rev. denied* 229 Kan. 670 (1981).]

"This Court also finds the case of [*Richardson v. Richardson*, 3 Kan. App. 2d 610, 599 P.2d 320, *rev. denied* 226 Kan. 792 (1979)] instructive with regard to this issue. *Richardson* involved a divorce decree which incorporated a property settlement agreement. One of the terms of the agreement left to the husband all of the couple's property which was not specifically assigned to the wife. Four months after the divorce was entered, the husband initiated a partition proceeding to sever his claimed interest from interests owned by the wife's relatives. The property involved had been inherited by the wife before marriage and had been omitted from the property settlement. The omission was known by the husband before he signed the agreement, while the wife believed the land did not need to be included since it was

acquired as her separate property prior to the marriage. The trial court granted the wife's motion for a *nunc pro tunc* order and awarded the property interest to the wife. The Kansas Court of Appeals noted that a *nunc pro tunc* order was improper, but refused to allow form to control over substance and, therefore, affirmed the trial court's decision by construing the order as one granted under K.S.A. 60-260(b). By suggesting the use of K.S.A. 60-260(b), the court impliedly allowed it to supersede the mandate of K.S.A. 60-1610(e) [now (b)(3)] which expressly disallows modification of a separation agreement after it is incorporated into a divorce decree. Thus, this case indicates that given the proper factual setting, a K.S.A. 60-260(b) order can have the *effect* of modifying an order which K.S.A. 60-1610 would not allow to be modified. This Court believes this 'effect' stems from the difference between modification and relief from an order.

"The case of *Blair v. Blair,* 210 Kan. 156, 499 P.2d 546 (1972), does not dictate a contrary conclusion. *Blair* involved a trial court's modification of alimony payments *which had already become due.* Likewise, the reason given by the trial court for its decision to allow a K.S.A. 60-260(b) order was found by the Kansas Supreme Court not to be a proper ground. In sum, the *dicta* contained in that *per curiam* opinion should not be given controlling weight under the circumstances of this case and in light of subsequent pronouncements of the Kansas Appellate Courts. Cases which have allowed K.S.A. 60-260(b) orders which post-date *Blair* include *Baker v. Baker,* 217 Kan. 319, 537 P.2d 171 (1975); *Martin v. Martin, supra; Richardson v. Richardson, supra; Besse v. Besse,* 1 Kan. App. 2d 217, 563 P.2d 518, *rev. denied* 225 Kan. 843 (1977).

"Therefore, this Court concludes that K.S.A. 60-260(b) is available to divorce proceedings to allow relief from an order. The next issue thus becomes: Should such an order issue in this case?

"This Court after due consideration and reflection upon the record in this case has come to the conclusion that relief from the decree issued should be allowed. K.S.A. 60-260(b), which was quoted above, provides several means of granting such relief. While it is true that 'this power is not provided in order to relieve a party from free, calculated and deliberate choices he has made,' *Neagle v. Brooks,* 203 Kan. 323, 328, 454 P.2d 544 (1969) (quot-

ing 3 Barron and Holtzoff, Federal Practice and Procedure § 1329 [Wright rev. 1958]), (see also *Besse v. Besse, supra* at 218-19), in the instant case Mrs. Hunt was unaware that Mr. Hunt had resumed his job with the National Guard until after the Decree was filed. Thus, Mrs. Hunt's motion could arguably be sustained on the grounds of 'mistake, inadvertence, surprise or excusable neglect,' K.S.A. 60-260(b)(1). See *Mid Kansas Fed'l Savings & Loan Assn. v. Burke*, 8 Kan. App. 2d 443, 449, 660 P.2d 569 (1983) (Foth, C.J., dissenting), *reversed* 233 Kan. 796, 666 P.2d 203 (1983).

"While the above-mentioned subsection could be invoked in this case, the Court also has the discretion under K.S.A. 60-260(b)(6) to set aside the decree for 'any other reason justifying relief.' *Id.* A motion under this subsection is addressed to the sound discretion of the trial court. *Baker v. Baker, supra* at 320; *Neagle v. Brooks, supra*; [11 Wright & Miller, Federal Practice and Procedure: Civil § 2864, p. 213]. The facts of this case warrant such relief. Although not technically fraudulent, Mr. Hunt's continued silence during the March 31, 1983 hearing in light of the purposes of that hearing, which included a determination of the adequacy of the maintenance award, entitles Mrs. Hunt to the relief requested."

We note that *Besse v. Besse*, 1 Kan. App. 2d 217, relied on by the trial court, was disapproved in part in *Brady v. Brady*, 225 Kan. 485, Syl. ¶ 2, 592 P.2d 865 (1979). Those cases, however, dealt with unpaid child support. As to such matters arising after the divorce decree, the *Brady* court held that the modification provisions in K.S.A. 1978 Supp. 60-1610(a) provide the proper remedy, rather than the provisions for vacating the judgment under K.S.A. 60-260(b). *Brady* simply recognizes the distinction between the two remedies recognized in *Martin v. Martin*, 5 Kan. App. 2d 670. Proceedings to modify a divorce decree based on matters occurring after the decree are to be brought under K.S.A. 60-1610 and are subject to its limitations. However, where relief is sought because of facts existing at the time of the decree which, if known to the court, would have brought about a different result, relief is available under K.S.A. 60-260(b).

On appeal the husband does raise one additional issue: he argues that a motion under K.S.A. 60-260(b) must specify which one of the six subsections is being invoked.

The statute makes no such requirement; it merely requires a "motion." Under general principles of notice pleading it is enough if the adverse party has notice of what the claim is. Here, the motion set forth the facts of the husband's real income, which, unknown to the court, existed at the time of the initial ruling and continued through the hearing on post-trial motions and the ultimate entry of the decree. No more specificity was required by the statute.

Judicial construction of K.S.A. 60-260(b) likewise offers no support for the husband's argument. "Under K.S.A. 60-260(b), the first five grounds, which are specific, and the sixth, which is a general catch-all, are mutually exclusive." *Chowning, Inc. v. Dupree*, 6 Kan. App. 2d 140, Syl. ¶ 1, 626 P.2d 1240 (1981). Fed. R. Civ. Proc. 60(b), which is identical to 60-260(b), has been interpreted similarly. *E.g., Klapprott v. United States*, 335 U.S. 601, 613-15, 93 L.Ed. 266, 69 S.Ct. 384, *modified* 336 U.S. 942 (1949). This does not, however, require a 60-260(b) movant to seek relief under only one of the six subsections. Rather, this construction is aimed at preventing parties from using the general catch-all provision, 60-260(b)(6), to escape the time limits for vacating a judgment imposed under the first three subsections of 60-260(b). *Chowning, Inc. v. Dupree*, 6 Kan. App. 2d 140; see *Klapprott v. United States*, 335 U.S. at 613-15. Thus, if the basis for setting aside a judgment is, for example, fraud by an adverse party, a 60-260(b) movant can obtain relief only if he files his motion not more than one year after judgment was entered; the party cannot escape this time limit by seeking relief under 60-260(b)(6). See 11 Wright & Miller, Federal Practice and Procedure: Civil § 2864 (1973). Assuming a party files a 60-260(b) motion within a year of the entry of judgment, as the wife did here, the district court is authorized to grant relief for any of the reasons set forth in the statute. See *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 687 P.2d 603 (1984).

Affirmed.