(709 P.2d 991)

No. 57,225

JACK R. ELLIS, *Appellant,* v. HORACE M. WHITTAKER, *Appellee.*

Opinion filed November 27, 1985.

*Gerald W. Scott,* of Gerald W. Scott, P.A., of Wichita, for the appellant.

*Jerry G. Elliott* and *Amy S. Lemley,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for the appellee.

Before REES, P.J., C. FRED LORENTZ, District Judge, assigned, and JOHN W. BROOKENS, District Judge Retired, assigned.

LORENTZ, J.: Appellant Jack Ellis appeals from the trial court's denial of a motion to modify judgment. The facts are not in issue and are briefly summarized here.

Ellis was a pedestrian who received severe injuries when struck by an automobile driven by Horace Whittaker. State Farm Mutual Automobile Insurance Company provided insurance for both Ellis and Whittaker. Suit was filed and the full amount of Whittaker's liability coverage of $25,000 was paid into Thomas County District Court. Ellis was paid $61,251.21 in personal injury protection (PIP) benefits on his own policy.

State Farm intervened and asserted a statutory lien for its PIP benefits of $61,151.21 (pursuant to K.S.A. 40-3113a[b]) against any future recovery by Ellis.

Subsequently, the case was settled by an agreed entry of judgment in favor of Ellis and against Whittaker for $175,000. Following entry of judgment, State Farm filed its motion asking

that the $25,000 it had previously paid into court be paid over to it in partial satisfaction of its PIP lien. The trial court found that State Farm was entitled to the full $25,000 less reasonable attorney fees to Ellis' attorney. The final journal entry was filed on August 23, 1983, with no appeal being taken.

On January 13, 1984, the Kansas Supreme Court handed down its decision in *State Farm Mut. Auto. Ins. Co. v. Kroeker*, 234 Kan. 636, Syl. ¶ 5, 676 P.2d 66 (1984), which held:

"If the injured insured does not settle his total claim or release the tortfeasor from all further liability, and if the actual damages suffered by the insured are shown to be in excess of the PIP benefits paid by the insurer so that the insured will not receive a double recovery for the same elements of damages, any payments made on behalf of the tortfeasor on a settlement or on a judgment are not 'duplicative' of PIP benefits within the meaning of K.S.A. 40-3113a. In such a case, the PIP insurer is not entitled to be reimbursed for prior PIP payments out of the insured's recovery."

Following the *Kroeker* decision, Ellis, on June 29, 1984, filed his motion pursuant to K.S.A. 60-260(b) to modify the judgment entered August 23, 1983, contending that *Kroeker* required that judgment to be reversed. The trial court denied Ellis' motion and Ellis appeals.

The issue raised by Ellis on appeal is whether the trial court abused its discretion in not granting his motion to modify. Specifically, Ellis makes two arguments:

1. The trial court erroneously ruled that relief under K.S.A. 60-260(b)(6) could not be granted after the appeal time on the base judgment had expired.

2. The facts involved in the distribution of the insurance proceeds are so inequitable as to qualify for relief under K.S.A. 60-260(b)(6).

An appeal from an order denying a motion under K.S.A. 60-260(b) brings up for review only the order of denial itself and not the underlying judgment. *Giles v. Russell*, 222 Kan. 629, 632, 567 P.2d 845 (1977); *Thompson v. James*, 3 Kan. App. 2d 499, 501, 597 P.2d 259, *rev. denied* 226 Kan. 793 (1979). The granting of relief under K.S.A. 60-260(b) rests within the sound discretion of the trial court, and on appeal this court's scope of review is limited to determining whether the trial court's decision constituted an abuse of discretion. *Mid Kansas Fed. Savings & Loan Ass'n v. Burke*, 233 Kan. 796, 798, 666 P.2d 203 (1983); *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978).

Ellis' first contention is without foundation. The journal entry denying his motion for modification makes reference to the fact that he was relying on a subsequent change in the law and then notes that K.S.A. 60-260(b) cannot be used as a substitute for failure to appeal. Nothing in the journal entry suggests that the motion to modify should have been filed within thirty days. The motion to modify was denied not because it was not timely filed, but because the trial court ruled it was not an appropriate remedy for failure to appeal, and, further, that it failed to show mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment.

That brings us to Ellis' second contention and the real issue, *i.e.*, is the failure of a party to timely appeal a trial court's decision, when subsequent events indicate that an appeal would have benefited that party, a proper basis for relief under K.S.A. 60-260(b)(6)?

In the case of *Neagle v. Brooks*, 203 Kan. 323, 327, 454 P.2d 544 (1969), the Kansas Supreme Court noted that Kansas has no precedent of its own for K.S.A. 60-260(b)(6) and pointed out that "we may look to federal authority for its construction and application since it was lifted from rule 60(b) of the Federal Rules of Civil Procedure."

The Court goes on in *Neagle* to quote from 3 Barron and Holtzoff, Federal Practice and Procedure: Civil §§ 1322, 1329 (Rules ed. 1958), the following:

"The rule [rule 60(b)] was not intended as an alternative method of appellate review . . . except where compelling considerations of justice require that course. . . . The rule is not intended to provide a procedure by which to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctable on appeal. . . .

. . . .

"This broad language [of rule 60(b)(6) authorizing relief for 'any other reason justifying relief from the operation of the judgment'] gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. *Of course, this power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests.* . . ." (Emphasis added.)

Further, the *Neagle* case goes on to quote at page 328, " '[t]he rule [60(b)] is neither a substitute for appeal nor a conduit through which to channel collateral attack upon a judgment of a court of competent jurisdiction,' " citing *Consolidated Gas &*

*Equipment Co. of America v. Carver,* 257 F.2d 111, 114 (10th Cir. 1958).

In looking at 11 Wright and Miller, Federal Practice and Procedure: Civil § 2858 (1973), we find "[t]he easiest group of cases is those in which the error involved a fundamental misconception of law and the motion was not made until after the time for appeal had run. Here, with one exception that may be regarded as a fluke, relief is denied."

In this case, Ellis chose not to pursue an appeal when the trial judge ruled that the $25,000 in insurance proceeds should be returned to State Farm in partial satisfaction of its PIP lien. K.S.A. 60-260(b)(6) cannot relieve him of that choice unless compelling considerations of justice so require. Ellis argues that *Kroeker,* 234 Kan. 636, provides the compelling circumstance.

While the facts of *Kroeker* are similar to the facts here, the foregoing review of case law interpreting Rule 60(b) suggests that Ellis' argument lacks merit. The same question was raised in the case of *Ackermann v. United States,* 340 U.S. 193, 95 L.Ed. 207, 71 S.Ct. 209 (1950). In that case, involving denaturalization proceedings, certain orders admitting Ackermann and his wife's brother, Keilbar, to citizenship were overturned. Ackermann did not appeal, but Keilbar did with success. Ackermann then filed a Rule 60(b) motion to have the judgment set aside. The court denied the motion stating:

"His [Ackermann's] choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the *Keilbar* case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." 340 U.S. at 198.

See also *Parks v. U. S. Life & Credit Corp.,* 677 F.2d 838 (11th Cir. 1982); *Martinez-McBean v. Government of Virgin Islands,* 562 F.2d 908, 912 (3rd Cir. 1977); *Collins v. City of Wichita, Kansas,* 254 F.2d 837, 839 (10th Cir. 1958).

The trial judge in the instant case stated the proposition, in the journal entry, as follows:

"Even if the *Kroeker* decision is *now* the present interpretation of the pertinent statute (K.S.A. 40-3113a), trial courts should not be expected to second guess the future interpretation of the law."

The trial court relied on sound reasoning in making its decision and we hold that it did not abuse its discretion.

Since *Kroeker*, 234 Kan. 636, did not overrule any previous cases, and since review in this case is limited to determining whether the trial court abused its discretion in denying Ellis' motion under K.S.A. 60-260(b), the decision below should stand.

Affirmed.