### No. 38,579

In the Matter of the Estate of Ray Shideler, Deceased. (CECILIA M. SHIDELER, *Appellant*, v. A. N. ALT, Executor of the Estate of Ray Shideler, Deceased, *Appellee.*)

(242 P. 2d 1057)

Opinion filed April 12, 1952.

*Floyd A. Sloan*, of Topeka, argued the cause and *W. Glenn Hamilton* and *Eldon Sloan*, both of Topeka, were with him on the briefs for the appellant.

*Frank E. Miller*, of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a petition for allowance of a demand against a decedent's estate. The demand was certified to the district court. There the court sustained executor's demurrer to claimant's petition. The claimant has appealed.

The petition stated petitioner had a claim against the estate by reason of a written contract whereby the deceased agreed to pay her $150 on May 22, 1941, and a like sum on or before the 10th of each month thereafter during the lifetime of the petitioner or as long as she did not remarry; that the installments falling due had been paid up to March, 1951; that subsequent to the date of the written agreement the parties were divorced in the district court of Shawnee county and the agreement was approved by the court and made a part of the decree. The petitioner prayed that her demand against the estate be allowed at its present value of $30,000 or that the court order an executor to retain in his hands a sufficient amount of the $40,000 to settle such demands. The contract of property settlement was attached to this petition. It recited that the parties realized they must separate; allowed certain real and personal property to petitioner and some to her husband; and contained the following paragraph:

"That Ray Shideler agrees to pay the said Cecelia M. Shideler the sum of $150 on the 22nd day of May A. D. 1941 and a like sum on or before the 10th day of each and every month thereafter during the life of said Cecelia M. Shideler, provided that upon the death of said Cecelia M. Shideler or her re-marriage all future obligation of the said Ray Shideler by way of monthly payments shall immediately terminate."

The decree of divorce was also attached to the petition. It contained the following paragraphs:

"That the Plaintiff and Defendant have entered into a property settlement agreement and the same is hereby approved by the Court and the same shall be set forth and made a part of this decree.

. . . . . . . . . . . . . .

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED AND DECREED that the following PROPERTY SETTLEMENT AGREEMENT be and the same is hereby approved by the Court and the same is made part of this decree to-wit:"

(Here follows a complete copy of the property settlement.)

On application of both parties this petition was certified to the district court. There the executor filed a demurrer on four grounds as follows:

"1. The said petition does not state facts sufficient to state a valid claim against said estate.

"2. Said petition for allowance of claim shows upon its face that the purported contract has been merged into judgment of the District Court of Shawnee County, Kansas.

"3. That said petition shows upon its face that the judgment of the District Court duly made and entered on June 2, 1941 requiring the payment of $150.00 monthly by said deceased to said claimant during her life time or until she should re-marry is void, unenforceable and contrary to the laws of the State of Kansas.

"4. That said petition shows upon its face that the provisions of said decree purporting to require said deceased to pay to claimant the sum of $150.00 monthly as long as she shall live or until her remarriage terminated upon death of the said Ray Shideler."

The trial court sustained the demurrer—hence this appeal.

This demurrer was sustained on the theory that when the trial court approved the contract, that contract became merged in the judgment and since an alimony judgment must be for a definite amount, this judgment was void. He argues that this contract was for an indefinite amount, that is, $150 a month as long as Mrs. Shideler should live or remain unmarried, and that when it became merged in the judgment, the judgment was for an indefinite amount —hence void. He argues in other words that once this contract was approved by the trial court in the divorce action, Mrs. Shideler could no longer rely upon that contract to recover but must rely on her judgment.

We have considered this question heretofore. *Feldmann v. Feldmann*, 166 Kan. 699, 204 P. 2d 742, was a case where just prior to obtaining a divorce a man and wife entered into an agreement whereby he agreed to pay as maintenance and support for the wife and children $340 a month and to continue such payments as long as he should remain in the military service and upon the daughters attaining their majority or in the event of either prior to their attaining majority or the remarriage of the wife, it was decreed that there should be a renegotiation of the contract to determine what adjustment, if any, was fair and reasonable. The wife pleaded her contract and claimed it was binding upon the parties; subsequently the court gave her a divorce, custody of the children and approved the original and supplemental property agreement. Sometime after that the husband filed a motion to set aside all of the divorce decree except that part that granted the divorce. This motion was denied and the husband appealed. We first pointed out that except where judgments were void, the orders and judgment of the court having

jurisdiction of the subject matter were final and conclusive. The husband recognized that rule but argued that the paragraphs of the separation agreement we have mentioned violated the rule that alimony must be allowed in a definite sum and an award approving such a settlement was void. The husband in that case relied on *Conway v. Conway*, 130 Kan. 848, 288 Pac. 566, which is relied on by the appellee in this case. We said:

"We have no quarrel with the rule announced in those decisions and adhere to them. The trouble with appellant's position is that the decisions on which he relies are not in point and that he entirely overlooks another line of cases, applicable to the facts and circumstances here involved, holding there is a distinct difference between what the court has authority to do under the statute with respect to alimony in a divorce case and what the parties may agree upon."

We finally held as follows:

"In this jurisdiction a husband and wife may enter into a marriage settlement whereby they agree upon a division of property as between themselves and payments to be made by the husband to the wife for the care and support of their children, including compensation to the wife for assisting the husband in fulfilling his parental obligation to such children while they are in her care and custody, and such an agreement, where it has been freely and fairly made, may be made a part of the judgment in a divorce action and the judgment thereby entered as to payments to be made to the wife is valid even though the sum total of such payments is neither itemized as to purpose nor definitely fixed as to amount."

We see no distinction between *Feldmann v. Feldmann*, supra, and the present case.

To the same effect is *French v. French*, 171 Kan. 76, 229 P. 2d 1014. That was a divorce case where the trial court had approved a contract of property settlement entered into between the parties while husband and wife. In that contract the husband had agreed to pay the wife $250 a month for her support and maintenance and that of their two children. There was a further provision that should the wife remarry before the children became of age the payments were to continue at the rate of $75 a month for their support. The divorce decree contained a summarization of the provisions of the contract. Subsequently due to the fact the husband had left the military service the contract was modified as to amount of payments. Subsequently on motion of the husband to modify, the trial court held the portion of its judgment providing a part of the payments ordered be for the support of the wife until she should remarry should be disregarded since no total sum was provided. The wife appealed. We said:

"We have serious doubt the trial court's conclusions 1 and 2, to which we have just referred, are warranted by the record. Under our decisions (See, e. g., *Petty v. Petty,* 167 Kan. 510, 207 P. 2d 428, and cases there cited) a separation agreement, approved by the trial court as a part of its decree in a divorce action, is not to be regarded as merged in the judgment in the absence of clear and unequivocal language requiring that conclusion. Even then it is by no means certain it can be said or held that such agreement is extinguished to the extent its contractual provisions are no longer binding upon the parties."

In this case we discern no clear and unequivocal language in the divorce decree requiring a conclusion that the separation agreement was merged in the judgment. Actually no more appears than that the contract was exhibited to the trial court and that court approved it.

In *Conway v. Conway,* supra, the opinion states:

"The parties had entered into contracts relating to property matters which were carried into the judgment."

The opinion itself quoted the judgment and the judgment makes no reference to a contract. The opinion made no reference to the contract being merged in the judgment. The property division was treated as though it were a matter of the judgment and the judgment only. The matter with which the opinion dealt arose over the refusal of the trial court to modify its judgment in the divorce case.

In *Hullet v. Hullet,* 133 Kan. 738, 3 P. 2d 470, the trial court in its judgment mentioned the property settlement; found that it made a fair and equitable division of the property; approved it; and stated:

" 'And each of the parties hereto is ordered and adjudged full ownership and title in the property as agreed in said contract.' "

We on the face of that record, said:

"The parties did not rest on the contract. It was presented to the court in the divorce action, and the provisions of the contract were carried into the divorce decree."

The holding is not binding here. We find no language in this decree analogous to the above to the effect that the division of property in the settlement was fair and equitable. For aught that appears in the decree there was no evidence before the trial court other than the contract itself as to the reasonableness or equity of the property division. We encourage the settlement of property division by contract rather than by submitting the matter to the trial court. Often a wife is willing to submit to a division giving her husband the lion's share of the tangible property in return for

which he will agree to pay her a fixed income for life. It is a recognition by the wife that the husband is better able to manage the properties than she. Such contracts when they are freely and understandingly made and are fair and equitable in their terms are enforceable. The effect of the holding of the trial court in this action would be to discourage any wife in the future from entering into such a contract as this. We do not care to do that.

In *McKinney v. McKinney*, 152 Kan. 372, 103 P. 2d 793, we approved the rule announced in *Petty v. Petty*, supra. We said:

"The trouble with the contention is that there is a fundamental difference between the power of the court, in the absence of agreement between the parties, to enter such a judgment in such a case, and its power to approve a contract, freely made, without fraud, between the parties and to incorporate its obligations in the judgment."

The claim in probate court was based on the contract, not on the judgment, and the wife was entitled to rely upon the contract.

The executor makes a point of the fact that the claim is for $30,000 or that $40,000 be set aside in the administration of the estate and argues that such an allowance would result in keeping the estate open for an indefinite time. A situation such as this was contemplated by the legislature when it enacted G. S. 1949, 59-2240. That section provides as follows:

"The court may allow demands, which are payable at a future day, at the then present value thereof, or the court may order the executor or administrator to retain in his hands sufficient funds to satisfy the same upon maturity; or if the heirs, devisees, or legatees offer to give bond to a creditor for the payment of his demand according to the terms thereof, the court may order such bond to be given in satisfaction of such demand."

The prayer of the claim was in conformity with that statute.

The judgment of the trial court is reversed with directions to overrule the defendant's demurrer.