No. 39,477

ELIZABETH ANN THOELE, *Appellant*, v. LAWRENCE T. THOELE, *Appellee*.

(272 P. 2d 1082)

Opinion filed July 6, 1954.

*Thomas E. Joyce*, of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins,* and *Norma Braly,* all of Kansas City, were with him on the briefs for the appellant.

*Everett Fritz*, of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action by plaintiff against her former husband for a balance alleged to be due upon an oral contract pertaining to their property rights at the time of a former divorce. The trial court sustained defendant's motion for judgment upon

the pleadings and the opening statement of counsel for plaintiff. Plaintiff has appealed.

The petition alleged that both parties are residents of Kansas City, Wyandotte county; that on June 23, 1951, a divorce action was pending between the parties in which the plaintiff here was plaintiff and the defendant here was defendant, said action came on for trial; that plaintiff and defendant in that action entered into an oral agreement whereby defendant was to give plaintiff his promissory note in the sum of $1,000 in full settlement of temporary and permanent alimony and rights in property possessed and owned by plaintiff and defendant; that the settlement was duly approved by the court and the divorce granted to defendant as shown by the decree of the court; that defendant failed to give to plaintiff the promissory note of $1,000 but that since the rendition of the decree of divorce he had paid plaintiff $110.00 on account of said indebtedness of $1,000. The prayer was for judgment on the balance due of $890.00. Attached to the petition was a copy of the findings of the court in the divorce case, the pertinent portions of which we are told read as follows:

"Finding 8: That there has been no accumulation of real property by the plaintiff and defendant during their marital relationship but that there are various and sundry household goods, furnishings and effects which are now in the defendant's possession at 1018 North 37th Street Terrace, Kansas City, Kansas, and that in addition thereto, the defendant now owns a 1948 Chevrolet automobile which is in his possession and is encumbered.

"Finding 9: That defendant has made his promissory note to the plaintiff in the amount of $1,000.00 in consideration of temporary and permanent alimony and rights in property and attorney's fees and when said note is paid in full it shall act as full and complete settlement of any and all future claims by the plaintiff against the defendant for her support and maintenance and to the personal property set forth in the preceding paragraph."

"It is therefore considered, ordered, adjudged and decreed that said defendant be divorced from said plaintiff, and that the bonds of matrimony heretofore existing between said parties, be dissolved, set aside and held for naught, and said parties released from all obligations thereunder. And it is further ordered and adjudged that this decree of divorce shall not become absolute and take effect until the expiration of six months from date.

"It is further adjudged that the plaintiff be and she hereby is awarded her costs in this action, and that the defendant be and he hereby is awarded personal property set out and described in paragraph 8."

This journal entry was approved by the then attorney for defendant and also approved by the judge of the trial court and does not appear to have been presented to the attorney for the plaintiff.

To this petition defendant filed an answer in which he denied that he entered into the agreement to pay plaintiff $1,000 in settlement of temporary and permanent alimony and rights in property possessed by plaintiff and defendant; denied that any settlement was approved by the trial court, and pleaded the judgment of the court was *res judicata*. Plaintiff's reply was a general denial.

When this action came on for trial counsel for plaintiff made an opening statement which, in substance, was the restatement of his petition and introduced the decree in the divorce case and further stated that Mr. Tudor Nellor represented plaintiff and Mr. Willard G. Widder represented the defendant in the divorce case; that this action was based on finding No. 9 of the decree, and that after making the agreement recited in that finding plaintiff dropped the divorce case and defendant got the divorce.

Whereupon Mr. Everett Fritz, counsel for defendant in this action, moved for judgment on the pleadings and opening statement. His argument was presented in his answer and particularly on his claim of *res judicata* for the reason that finding No. 9 of the divorce decree was not made a part of the judgment of the court. The court took the matter under advisement and on October 2, 1953, sustained defendant's motion for judgment on the pleadings and the opening statement of plaintiff. Plaintiff filed a motion for a new trial which was overruled. This appeal followed.

We think the basic error here is considering this case as a suit upon a judgment. It is not. It is a suit upon the agreement. Defendant's denial that he made the agreement is of no consequence inasmuch as the trial court in the divorce case found that he did make it. The record also shows that the court approved the decree containing that finding. The defendant also approved it by his attorney. It seems clear also that the finding was one of the matters upon which the trial court based its judgment even though it was not recited in the judgment part of the decree. More than that, the defendant himself recognized the agreement when he paid $110.00 on it.

We have examined all of the cases cited by counsel for appellant and appellee but think it is necessary to cite none of them here except the late case of *In re Estate of Shideler*, 172 Kan. 695, 242 P. 2d 1057, which cites earlier cases. This case makes it clear that an agreement between the parties in a divorce case may be sued upon separately and apart from the judgment of the decree. Since both

parties rested on defendant's motion for judgment and made it clear to the court they had no other evidence to offer, the judgment of the trial court must be reversed with directions to enter judgment for plaintiff. It is so ordered.