No. 44,226

LAWRENCE E. CRAMER, *Appellant,* v. NANCYLEE F. WOHLGEMUTH, *Appellee.*

(408 P. 2d 644)

Opinion filed December 11, 1965.

*James W. Sargent* and *Stephen M. Blaes,* both of Wichita, argued the cause, and *Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, L. D. Klenda, Charles M. Cline* and *Richard A. Loyd,* all of Wichita, were with them on the brief for the appellant.

*Bruce B. Fitts,* of Wichita, argued the cause, and *Herbert Hopper,* of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Plaintiff brought this action against his former wife to set aside a property settlement agreement executed by them in contemplation of a divorce, or, in the alternative, to discharge him from liability thereon on grounds hereafter mentioned.

Upon plaintiff's petition, exhibits and affidavits filed by the parties, the court sustained defendant's motion to dismiss the action. Plaintiff has appealed from that ruling.

Highly summarized, the background of the matter as related in the aforementioned pleadings is substantially as follows:

Plaintiff and defendant were formerly husband and wife. In connection with their divorce action they entered into a written property settlement on September 19, 1959. It provided that she was to have custody of their four minor children and that he was to pay $400.00 monthly child support. The agreement further provided that he was to pay through the clerk of the district court the sum of $48,000.00 as permanent alimony over a period of twenty years at the rate of $200.00 per month. In addition, it provided that she was to receive the equity in the family home, together with

the household furnishings. On November 30, 1959, a decree of divorce was granted to the wife—defendant here. The husband—plaintiff here, having entered a waiver of summons, did not appear either in person or by counsel. The decree recited that the property settlement entered into by the parties "is hereby approved and confirmed in its entirety, and the terms therein contained are made a part hereof."

In the fall of 1959 plaintiff, although a responsible business executive with a large life insurance company, was in such a state of shock and under such extreme emotional stress because of his marital troubles that he was mentally unable to cope with his problems and was incapable of entering into or giving his consent to the property settlement agreement. He was under the care of a physician during that period. Although urged by defendant and her attorney to retain counsel—he refused to do so.

As above related, a decree of divorce was granted to defendant on November 30, 1959. Ever since that time plaintiff, by depriving himself and through great personal sacrifice, has paid the $400.00 monthly child support. Up until July 1, 1960, he made the alimony payments. In the meantime defendant had remarried and was financially well off. On July 1, 1960, and likewise on July 1, 1961, 1962 and 1963, she executed and delivered to plaintiff an instrument in writing whereby she, on an annual basis, waived the payment of alimony barring some "catastrophic event or occurrence." The annual "receipt" executed by her, however, included a statement that it did not in any way alter, amend or modify the journal entry of the decree of divorce.

Relying on the repeated assurances by defendant that, barring "unforseen expenses amounting to a catastrophe," she was waiving and would make no demand for the alimony payments, plaintiff made plans to remarry—which plans were known by defendant. On February 3, 1964, plaintiff, through his present attorney, wrote to defendant's attorney explaining the situation and asked him to consult with defendant to see if she would consent to waive future alimony payments. On February 21, 1964, defendant's attorney replied as follows:

"Since receiving your letter of February 3, 1964, I have just been able to discuss this with Nancylee and her position is the same as it has been for the past four years as to the alimony. She feels that in all fairness to the children and herself, she cannot change the manner in which she has been

handling it, with the idea that unforeseen expenses could arise or some catastrophe occur which would make collection of the alimony necessary.

"I am therefore at this time not authorized to make any change in the manner in which the alimony payments are being handled."

On the strength of the foregoing, plaintiff, in May, 1964, remarried, and thus assumed new and additional obligations. Within twenty days after his remarriage he received a letter from defendant's attorney demanding that alimony payments be resumed immediately, notwithstanding there had been no change in defendant's financial circumstances and no unforeseen need on her part had occurred. Her demand that he, for the first time, pay alimony, created a financial burden which he was unable to meet without extreme financial hardship.

No satisfactory settlement being reached, plaintiff filed this action on September 25, 1964. His petition was framed essentially on three theories—(a) to set aside the original property settlement agreement because of his mental and emotional instability at the time and because it was unfair, inequitable and just: (b) that of "detrimental reliance," based upon the assurances, both written and verbal, made by defendant as late as February, 1964, to the effect that all alimony would thereafter be waived, barring a catastrophe or unforeseen expenses on her part, and (c) that there was a modification of the property settlement agreement by the consent of the parties as authorized by K. S. A. 60-1610 *(d)*.

On October 12, 1964, defendant filed a motion to dismiss the action on the ground, among other things, that the petition failed to state a claim against defendant upon which relief could be granted.

On December 30, 1964, the court, after a review of the petition, exhibits and affidavits above summarized, sustained defendant's motion to dismiss and entered summary judgment in her favor—presumably on the general ground mentioned in the motion.

In opposition to plaintiff's appeal from that ruling, defendant contends that plaintiff has failed to act upon his rights, if any, and therefore is guilty of laches and is estopped from bringing the action; that by his conduct plaintiff has ratified the property settlement agreement and decree of divorce and cannot maintain the action; that plaintiff's right of action, if any, accrued under G. S. 1949, 60-3007, *et seq.*, and was barred after two years; that the property settlement agreement was merged into the decree of divorce (citing *In re Estate of Shideler*, 172 Kan. 695, 242 P. 2d 1057, and

other decisions to like effect) and therefore cannot be attacked in the manner now sought; that the original property settlement agreement was not modified, and that her motion to dismiss was properly converted into a motion for summary judgment by operation of the new code of civil procedure (K. S. A. 60-212 (c) and 60-256).

Plaintiff, on the other hand, while agreeing that the motion to dismiss was properly converted into a motion for summary judgment, contends the property settlement agreement was not merged in the decree of divorce because there was no finding that it was just and equitable, and therefore is subject to attack by this independent action; that the various writings and actions of the parties constitute a modification of the agreement under the provisions of the new code of civil procedure [K. S. A. 60-1610 (d)], and that as to his claim and theory of "detrimental reliance," the defendant, because of her waivers consistently made, is equitably estopped from now asserting her claim for alimony, and in support thereof relies on the definition of equitable estoppel found in *Gas Service Co. v. Consolidated Gas Utilities Corp.*, 145 Kan. 423, 65 P. 2d 584.

" 'That a person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all of the circumstances of the case, has, in good faith, relied thereon. Such an estoppel is founded on morality and justice.' " (pp. 435, 436.)

It further is contended that under rules applicable to motions for summary judgment (K. S. A. 60-256) the ruling in question was erroneous and should be reversed.

From all of the foregoing it readily will be seen the parties contend for many things. Notwithstanding—it appears to us that essentially and in reality this is an action to enforce a separate and independent contract allegedly entered into by the parties whereby defendant, absent certain specified events not having been shown to have occurred, agreed to waive alimony payments, and that plaintiff, in reliance thereton, acted according—all to his alleged detriment and damage. It further appears that it may not be said there is no genuine issue as to any material fact. That being the case, under applicable rules discussed fully in *Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964, it was error to render summary judgment in favor of defendant.

The judgment is reversed.