(939 P.2d 966)
No. 76,121

In the Matter of the Marriage of ROXANE TEVIS-BLEICH, *Appellant,* and MICHAEL ALAN BLEICH, *Appellee.*

Opinion filed May 23, 1997.

*Charles D. Lawhorn*, of Lawhorn, Simpson & Polsley, of Shawnee Mission, and *Shawn E. DeGraff*, of Shawn E. DeGraff, P.A., of Shawnee, for appellant.

*Bruce W. Beye*, of Overland Park, for appellee.

Before ROYSE, P.J., LEWIS and KNUDSON, JJ.

KNUDSON, J.: Roxane Tevis-Bleich appeals from the district court's denial of her post-trial motion seeking relief from judgment under K.S.A. 60-260(b).

The underlying facts are not in dispute. Roxane and Michael Alan Bleich entered into a separation agreement approved by the district court and incorporated by reference into the decree of divorce pursuant to K.S.A. 60-1610(b)(3). Roxane's post-trial motion is directed at the clause of the agreement giving Michael visitation rights with the family dog, Cartier. She wants the district court to terminate visitation.

Roxane's motion is miscaptioned as a motion to modify the judgment rather than a motion for relief from judgment. Within the body of the motion, K.S.A. 60-260(b) is referenced, but as will be discussed, the narrative suggests that the movant is seeking modification pursuant to K.S.A. 60-1610(b)(3). These imprecisions contributed to the roundabout manner in which the trial court arrived at its decision to dismiss the motion.

Roxane's motion to modify seeks relief under K.S.A. 60-260(b)(1), (2), and (6), but not under subparagraph (3). The statute states in material part:

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259 (b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment."

K.S.A. 60-1610(b)(3) states in material part: "Matters settled by an agreement incorporated in the decree, other than matters pertaining to the custody, support or education of the minor children, shall not be subject to subsequent modification by the court except:

(A) As prescribed by the agreement or (B) as subsequently consented to by the parties."

The parties' separation agreement provides that there shall be no modification.

Roxane's motion, in addition to citing K.S.A. 60-260(b)(1), (2), and (6), set out the following material narrative in support of her claim:

> "Subsequent to the divorce in regard to the dog, Cartier, the parties have had serious dissention [*sic*], misunderstandings and arguments as a result of the continued and on going contact by the parties with each other in regard to visitation with the dog and by the continued insistence of the Respondent in his 'rights' to the dog."

We note the above narrative does not state grounds indicating the movant would be entitled to relief under K.S.A. 60-260(b). We further note Roxane's motion was not accompanied by a required memorandum of reasons in support of her motion. See Supreme Court Rule 133 (1996 Kan. Ct. R. Annot. 157).

It was under the above circumstances and backdrop that Roxane's motion came before the trial judge for consideration. At the hearing, the parties agreed to proffer evidence rather than have their respective clients and witnesses testify. Before Roxane's attorney began her proffer, Michael's attorney brought to the court's attention that the underlying judgment was based upon a written property settlement agreement that precluded modification.

Roxane's counsel responded that there were conflicting clauses in the agreement: a clause providing for the parties to live apart, and a clause permitting visitation of the dog by Michael. Counsel also added that the separation agreement was signed by Roxane under duress and after threats from Michael.

The trial court noted Roxane's motion did not allege fraud or misconduct. In addition, Roxane's counsel acknowledged there was no contention that the separation agreement was ambiguous or the result of mutual mistake. Significantly, her counsel admitted that Roxane did intend for visitation to occur in accordance with the agreement when it was executed.

Based upon the content of Roxane's motion and the statements made by her counsel at the hearing, the trial judge determined that

it lacked subject matter jurisdiction and dismissed the motion. Roxane made no further effort to proffer additional circumstances, nor did she request reconsideration.

On appeal, Roxane raises two issues: (1) Did the trial court err in its dismissal of her motion, and (2) did the trial court err in awarding attorney fees to Michael?

In determining whether the trial court had jurisdiction to consider the application of K.S.A. 60-260(b), this court applies a de novo standard of review. *Foulk v. Colonial Terrace,* 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). However, in determining whether the trial court erred in its application of the statute to the facts of this case, appellate review is restricted to determining whether the trial court abused its discretion. *In re Marriage of Thomas,* 16 Kan. App. 2d 518, 525, 825 P.2d 1163, *rev. denied* 250 Kan. 805 (1992).

In dismissing Roxane's post-trial motion, the trial court stated:

"The Court would [dismiss the motion] upon the basis that the contract of the parties precludes the Court from making any postjudgment review of the matter and that the contractual provisions, *absent a showing of any legal reason why the Court should inquire by way of parol evidence,* the agreement is mutually binding upon the parties and is not modifiable as might otherwise be the case if they had not so contracted. With that, the motion is denied." (Emphasis added.)

We acknowledge Roxane's motion was filed pursuant to K.S.A. 60-260(b), and the trial court did have jurisdiction to consider the motion on its merits.

"Proceedings to modify a divorce decree based on matters occurring after the decree are to be brought under K.S.A. 60-1610 and are subject to its limitations. However, where relief is sought because of facts existing at the time of the decree, which, if known to the court, would have brought a different result, relief is available under K.S.A. 60-260(b)." *In re Marriage of Hunt,* 10 Kan. App. 2d 254, Syl. ¶ 1, 697 P.2d 80 (1985).

However, we do not accept Roxane's contention that the trial court dismissed her motion for lack of subject matter jurisdiction. The trial court dismissed Roxane's motion because: (1) she did not allege K.S.A. 60-260(b)(3) as a ground for relief, and (2) her factual proffer was inadequate as a matter of law to support relief. Consequently, the trial court concluded modification could only be

effected through the parties' agreement and under K.S.A. 60-1610(b)(3). Because their separation agreement specifically precluded modification, the court lacked jurisdiction under 60-1610(b)(3).

Roxane contends the trial court erred in concluding that a motion filed pursuant to K.S.A. 60-260(b) must specify the subsections relied upon by the movant. She cites as authority for her contention *In re Marriage of Hunt*, 10 Kan. App. 2d 254, Syl. ¶ 2, in which the court held: "A motion for relief from judgment under K.S.A. 60-260(b) need not specify one particular ground for relief. It is sufficient if it demonstrates a right to relief under one or more grounds so long as it is timely filed."

*Hunt* is distinguishable. Roxane did specify her grounds for relief and omitted K.S.A. 60-260(b)(3). In addition, her motion did not demonstrate a right to relief.

We believe the trial court gave Roxane's attorney fair opportunity to present argument and proffer evidence in support of her motion for relief from judgment, but the attorney did not show a sufficient basis upon which relief could be granted. We conclude the trial court did not abuse its discretion in dismissing Roxane's motion.

Roxane contends the trial court erred in granting Michael attorney fees. Her argument is that Michael did not comply with the procedures required in the separation agreement before making a claim for attorney fees. We disagree. The notice to cure provision in the separation agreement is not applicable when a party is required to defend a motion brought by the other party. Because Michael's request is not inconsistent with the terms of the separation agreement, the trial court had discretion under K.S.A. 60-1610(b)(4) to award legal fees. We conclude the allowance of $200 in attorney fees was reasonable, and no abuse of discretion has been shown.

Affirmed.