(161 P.3d 235)
No. 97,114

In the Matter of the Marriage of DILENE M. REINHARDT, *Appellee,* and SCOTT A. REINHARDT, *Appellant.*

Opinion filed July 6, 2007.

*Jane M. Isern,* of Great Bend, for appellant.

*John T. Bird* and *Carol M. Park,* of Glassman, Bird, Braun & Schwartz, L.L.P., of Hays, for appellee.

Before MALONE, P.J., GREEN and MARQUARDT, JJ.

MARQUARDT, J.: Scott A. Reinhardt appeals the trial court's order to reopen a divorce property division more than 4 years after the decree and division of property were final. We reverse and remand with directions.

Dilene and Scott were married in 1996 and had three children. Dilene filed for divorce in July 1999. A divorce decree was filed in July 2000, with a later property settlement agreement approved and filed by the trial court in December 2000.

In March 2005, Dilene filed a motion to set aside or amend the final divorce judgment, claiming that Scott "committed fraud" by failing to reveal his ownership interest in the property he owned in Russell County, Kansas, at the time of the divorce.

In response to the motion, Scott admitted that he did own an interest in the property during the marriage; however, it had been deeded to him by family members, a fact of which he had been unaware. Scott had paid nothing for the property and had received no rents or profits from it. The record on appeal reveals that the grantors retained a life estate in the property. Scott contended that he did not obtain a fee simple interest in the real estate until December 2001, and he did not pay taxes on the property until December 2003.

In a brief to the trial court, Dilene urged the trial court to grant her relief pursuant to K.S.A. 60-260(b)(6), in an exercise of the trial court's power to "equitably distribute the marital property not previously distributed prior to judgment."

In its journal entry, the trial court indicated that it was persuaded by Dilene's arguments because the original property settlement was approved based on the representations Dilene and Scott made at that time. The trial court also disapproved of Scott's tactic of "arguing that [he] isn't guilty of any fraud because [he] didn't know about the property." The trial court granted Dilene's motion, without citing a subsection of K.S.A. 60-260(b). Scott timely appeals.

Because Dilene's motion was predicated on his commission of fraud under K.S.A. 60-260(b), Scott believes the 1-year statute of limitations bars Dilene's motion. Scott contends that the catch-all

remedy of K.S.A. 60-260(b)(6) should not apply to the allegations of Dilene's motion, as it is merely an attempt to circumvent the time bar.

In determining whether the trial court had jurisdiction to consider the application of K.S.A. 60-260(b), this court applies a de novo standard of review. However, in determining whether the trial court erred in its application of the statute to the facts, appellate review is restricted to determining whether the trial court abused its discretion. *In re Marriage of Bleich*, 23 Kan. App. 2d 982, 985, 939 P.2d 966 (1997).

K.S.A. 60-260(b) allows relief from a final judgment for several reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); and (3) fraud. A motion claiming any of these reasons must be filed within 1 year after the judgment was entered. K.S.A. 60-260(b)(6) allows a trial court to vacate a judgment for "any other reason justifying relief from the operation of the judgment." The statute requires only that a motion pursuant to K.S.A. 60-260(b)(6) be filed "within a reasonable time."

The general rule applied by both state and federal courts is that the first five grounds of K.S.A. 60-260(b), which are specific, and the sixth, the general catch-all, are mutually exclusive. A party cannot circumvent the 1-year limitation applicable to the first three grounds of K.S.A. 60-260(b) by invoking the residual clause. K.S.A. 60-260(b)(6) is not available if the asserted grounds for relief are within the coverage of another provision of K.S.A. 60-260(b). *In re Marriage of Leedy*, 279 Kan. 311, 323, 109 P.3d 1130 (2005).

In Dilene's original motion to set aside the judgment, she overtly accused Scott of committing fraud by failing to reveal his ownership interest in the real property. Regardless of whether Dilene's contention is meritorious, the claim would place this action squarely within K.S.A. 60-260(b)(3) and its 1-year time bar. Moreover, Scott did not receive his fee simple ownership interest until after the divorce was granted.

Our review of this issue is somewhat hindered by the fact that the trial court never explicitly referred to a subsection of K.S.A.

60-260(b) in the final journal entry. However, the original property settlement agreement was filed in December 2000, and Dilene's motion to set aside was not filed until March 2005. Therefore, the only possible ground for relief available to Dilene was K.S.A. 60-260(b)(6). We believe that since one of the other enumerated subsections of K.S.A. 60-260(b) applies to the facts of this case, the trial court's reliance on K.S.A. 60-260(b)(6) was erroneous.

The trial court did not have jurisdiction to reopen the divorce, redistribute property, or distribute Scott's real property. Therefore, we reverse and remand to the trial court with instructions to reinstate the December 2000 property settlement agreement.