NOT DESIGNATED FOR PUBLICATION

No. 114,035

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

STEVEN O'NEIL,
*Appellee*,

and

SHEILA O'NEIL (n/k/a SHEILA HAMILTON),
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. MATTIVI, judge. Opinion filed June 3, 2016. Reversed and remanded with directions.

*Joseph A. DeWoskin*, of Kansas City, for appellant.

*Stephen P. Weir*, of Stephen P. Weir, P.A., of Topeka, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

BUSER, J.: Sheila O'Neil (n/k/a Sheila Hamilton) appeals the district court's adverse ruling on her motion to enforce a divorce decree. The district court declined to enforce the decree's provision that Sheila be paid a portion of Steven O'Neil's monthly military retirement benefits. We reverse and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2004, Sheila married Steven who was then serving in the military. Steven filed for divorce on December 9, 2011. As part of the divorce litigation, the

1

parties filed a "Separation and Property Settlement Agreement" (Agreement), on August 14, 2012, which provided in part:

> "The marital portion of [Steven's] military retired pay shall be divided equally between the parties. For purposes of this Agreement, the term 'marital portion' is defined to mean the portion of [Steven's] military retirement entitlement accumulated between July 17, 2004, and December 9, 2011. The parties agree and stipulate that [Sheila's] share of [Steven's] military retired pay computes to $480.00 monthly. *This monthly sum shall be paid to her by the Defense Finance and Accounting Service*, U.S. Military Retired Pay . . . commencing in the first month any military retired pay is paid to [Steven] and continuing each month thereafter for so long as the benefit is payable." (Emphasis added.)

The Agreement also provided:

> "[Steven] and [Sheila] shall, at the request of the other, execute, acknowledge and deliver to the other party any and all further instruments that may be reasonably required to give full force and effect to the provisions of this Agreement and to transfer to the other party by deed or other instruments of transfer all transfers contemplated by this Agreement upon request."

On February 4, 2013, the district court approved and filed the divorce decree (Decree). The Decree contained the following rulings and orders:

> "The Court . . . finds that both parties have entered into a duly signed and acknowledged . . . Agreement dated the 9th day of August, 2012, providing for the settlement of property rights and for adjustment and settlement of any and all other matters arising herein. The parties' . . . Agreement is attached hereto and made a part hereof as though more fully set out in this Decree of Divorce. The Court finds that the terms of the Agreement are valid, just and equitable and should be approved and judicially sanctioned by the Court.

2

. . . .

"IT IS FURTHER ORDERED that all of the foregoing findings of fact are incorporated in this Order and are made a part hereof and do become the Order, Judgment, and Decree of this Court according to the precise text of each finding herein identified."

Steven retired from the military in November of 2013. On January 15, 2014, the Defense Finance and Accounting Service (DFAS) notified Sheila that pursuant to a "10/10 rule," it would not comply with the Decree's order to directly pay her $480 per month in Steven's retirement benefits. The parties do not dispute that the 10/10 rule refers to 10 U.S.C. § 1408(d)(2) (2012):

"If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired pay of the member as property of the member or property of the member and his spouse."

Sheila hired new counsel, who attempted to negotiate a settlement with Steven. After negotiations failed, Sheila retained her current counsel who filed a "Motion to Enforce Separation and Property Settlement Agreement" (Motion to Enforce) in the divorce case. This motion asserted that "[p]er the . . . Agreement, [Sheila] is entitled to payment of a portion of [Steven's] military retirement." The motion further alleged that Steven "has receive[d] all of the military retirement since the date of retirement," and "[n]o amount of money has been paid to [Sheila]." Sheila's counsel concluded the Motion to Enforce with the following prayer:

"WHEREFORE, [Sheila] prays that the Court vacate and/or correct those parts of the . . . Agreement and Decree that are impossible to take place under K.S.A. 60-260 . . . ;

3

order [Steven] to make [Sheila] whole and to fully reimburse her all money due and owing, including interest at the statutory rate; order [Steven] to pay [Sheila] directly in the future; and for such other and further relief as the Court may deem appropriate, including but not limited to, reasonable attorney fees and costs."

On May 12, 2015, a hearing was held on Sheila's Motion to Enforce. The parties appeared before the same district judge who had entered the Decree. Sheila's counsel argued that the parties had agreed Sheila would receive $480 per month from Steven's military retirement benefits and that everyone was unaware of the 10/10 rule. Sheila's counsel specified, "[t]he mechanism is the only issue that we're dealing here with right now, the mechanism of payment." Sheila's counsel asked the district court "to order [Steven] to pay directly the $480 per month of his military retirement to [Sheila]." When the district court asked for the legal authority which would support such an action, Sheila's counsel identified K.S.A. 60-260.

In response, Steven's counsel acknowledged that his client had agreed to pay Sheila $480 per month from his military retirement benefits and that as Steven's counsel he had been personally unaware of the 10/10 rule. But, he argued, "this is really not a Motion to Enforce as much as it is a 60-260(b) Motion." Steven's counsel maintained Sheila could not obtain relief under K.S.A. 60-260(b) due to the 1-year limitation period.

The district court concluded, "based on the proffers by counsel and the arguments made by counsel . . . both sides are relying on K.S.A. 60-260." The district court ruled that Sheila had filed the Motion to Enforce beyond the 1-year limitation period although it did not identify a particular subsection of K.S.A. 60-260. The district court later filed a journal entry which said in full: "The Parties proffer evidence. The Parties agree they are relying on K.S.A. 60-260. The Court finds that the motion fails based on this Statute as it was filed out of time." Sheila appeals.

4

At the outset, it is appropriate to ask whether our review is limited to an analysis of K.S.A. 60-260, which was the focus of the district court's ruling. Generally, parties on appeal are limited to issues raised before the district court. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). When Sheila argues on appeal from authority other than K.S.A. 60-260, for example, Steven claims she "is attempting to present an issue not raised before the district court." Whether an issue was raised before the district court is subject to our unlimited review. See *Foster v. Klaumann*, 296 Kan. 295, 301, 294 P.3d 223 (2013).

We begin with the fact that Sheila's counsel identified K.S.A. 60-260 as a basis for the district court's authority to rule. We are convinced the district court was not bound by that identification. Sheila could not limit the district court's authority to grant relief. See *Hunt v. Data Mgt. Resources, Inc.*, 26 Kan. App. 405, 407, 985 P.2d 730 (1999) (a court is not bound by a party's stipulation of law).

Moreover, Sheila's motion was entitled "Motion to Enforce Separation and Property Settlement Agreement." As she argues on appeal:

> "Sheila is not asking for an increase in her portion of the retirement income or a re-division of the marital assets. Instead, Sheila is simply asking for a change in the manner of payment of the retirement funds so that she can justly and equitably receive her share of the marital assets that were awarded her in the divorce decree."

Considering the title and content of Sheila's motion, we are persuaded that Sheila has raised an issue apart from K.S.A. 60-260. That statute allows the district court to "relieve a party . . . from a final judgment, order or proceeding" under certain circumstances. K.S.A. 2015 Supp. 60-260(b). To enforce a divorce decree, however, is not to relieve a party from the divorce decree.

5

The distinction is important when considering those Kansas cases, many cited by the parties on this appeal, which apply K.S.A. 60-260 in a divorce context. The issue in these cases was whether the district court could *modify* the division of property and/or maintenance, not *enforce* an already-ordered amount. See *In re Estate of McLeish*, 49 Kan. App. 2d 246, 260-61, 307 P.3d 221 (2013) *rev. denied* 299 Kan. 1269 (2014); *In re Marriage of Reinhardt*, 38 Kan. App. 2d 60, 61, 161 P.3d 235 (2007); *In re Marriage of Beardslee*, 22 Kan. App. 2d 787, 788-89, 922 P.2d 1128, *rev. denied* 260 Kan. 993 (1996); *In re Marriage of Larson*, 19 Kan. App. 2d 986, 987, 880 P.2d 1279 (1994), *aff'd* 257 Kan. 456, 894 P.2d 809 (1995); *In re Marriage of Thomas*, 16 Kan. App. 2d 518, 523-26, 825 P.2d 1163, *rev. denied* 250 Kan. 805 (1992). The same is true of the Alaska case the parties cite, *Williams v. Crawford*, 982 P.2d 250, 256 (Alaska 1999), where an inequitable distribution of marital property was judicially modified to achieve an "equitable result."

The present case is more like an unpublished case of this court, *In re Marriage of Garren*, No. 91,957, 2004 WL 2282137 (Kan. App. 2004) (unpublished opinion), *rev. denied* 279 Kan. 1006 (2005). The parties there entered a separation agreement which required the husband to assume over $17,000 in credit card debt. The husband, however, filed bankruptcy and failed to pay the banks which held the debt. When the wife moved to enforce the separation agreement, the district court ordered the husband "to indemnify" the wife for the amount of the debt assumed and to pay to her, "this judgment amount at the rate of $500 per month until paid in full." 2004 WL 2282137, at *1.

On appeal, the husband argued that the district court lacked jurisdiction to modify the separation agreement. But our court concluded that the husband had misframed the issue:

"The question thus becomes: Did the trial court actually modify the agreement? [Wife's] motion requested the district court to 'enforce' the divorce decree. In the journal

entry granting the motion, the district court did note that it was making 'modifications' to the settlement agreement. However, despite the use of the word modification, the district court was actually granting a motion to enforce the terms of the agreement. A settlement agreement incorporated into a divorce decree is a judgment of the court and as such the district court has an obligation to enforce the terms of the agreement. See *Dozier v. Dozier*, 252 Kan. 1035, 1039, 850 P.2d 789 (1993). [Husband] has cited no case law which calls into question a district court's jurisdiction to enforce its own orders.

"The express terms of the settlement agreement required [husband] to indemnify [wife] from all claims and liabilities from debts which he had assumed. In granting the motion to enforce, the district court was simply requiring [husband] to comply with the express terms of the settlement agreement and hold [wife] harmless from those debts. Thus, in spite of the district court's unnecessary use of the word modification, the order of the district court simply enforced the clear and unambiguous terms of the settlement agreement." 2004 WL 2282137, at *2.

Here as well, the district court would have enforced, not modified, the Decree if it had granted Sheila's Motion to Enforce. Steven had agreed that $480 of his monthly retirement benefits belonged to Sheila, and this was written into the Agreement. Notably, Steven also had agreed to execute, acknowledge, and deliver to Sheila any and all further instruments that may be reasonably required to give full force and effect to the provisions of the Agreement. The district court incorporated these provisions into the Decree. Thus, when Sheila asked the district court to order Steven to acknowledge and deliver to her checks in the amount of $480 monthly, she was asking the court to enforce the Decree rather than modify it. See *State v. Pierce et al.*, 208 Kan. 19, 33, 490 P.2d 584 (1971) ("By definition a check is a negotiable instrument.").

Next, we consider whether the district court erred by declining to enforce the Decree. Kansas caselaw provides:

"A district court clearly has both a statutory and an inherent power in Kansas to enforce its orders." *Koch Engineering Co. v. Faulconer*, 227 Kan. 813, Syl. ¶ 4, 610 P.2d

7

1094 (1980); see K.S.A. 20-302 ("The district judge provided for in the Kansas constitution shall have and exercise the full judicial power and authority of a district court."). We apply "an unlimited appellate standard of review when considering judicial conclusions of law and questions of statutory interpretation." *University of Kansas Hosp. Auth. v. Board of Wabaunsee County Comm'rs*, 299 Kan. 942, 951, 327 P.3d 430 (2014).

We are persuaded that the district court erred by not exercising its judicial power to enforce the Decree. Steven points out that Sheila had agreed the DFAS would make the payments directly, but the Agreement became an order of the district court when incorporated into the Decree. Although a property settlement "is contractual with regard to interpreting the parties' agreement," it "is a judgment with regard to its enforcement." *Dozier v. Dozier*, 252 Kan. 1035, 1039, 850 P.2d 789 (1993).

The district court, which lacked jurisdiction and/or authority over the DFAS, simply could not enforce its order for the DFAS to pay Sheila directly. See United States Constitution, Art. VI, Supremacy Clause. However, the district court had jurisdiction and authority over Steven. He had submitted to the district court's jurisdiction by filing for divorce, unlike the federal agency which never appeared in the divorce proceeding. Steven was also an individual litigant, not an agency of the federal government. When Sheila appeared and asked the district court to enforce the Decree against Steven, the district court erred by refusing to do so based on the provisions of K.S.A. 60-260.

The district court's decision is reversed, and the case is remanded with directions to enforce the Decree by ordering Steven to pay Sheila $480 per month, including arrearages and interest, commencing from the first month any military retired pay was paid to Steven, and continuing for so long as the benefit is payable.

Reversed and remanded with directions.

8